**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIELLE KIO, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| CREDIT CONTROL, LLC, | |
| Defendant. | |

Plaintiff DANIELLE KIO (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant CREDIT CONTROL, LLC,  its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Union County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant CREDIT CONTROL, LLC ("CREDIT CONTROL") is a Missouri Limited Liability Company organized under the

laws of the State of Missouri with its principle place of business located in Hazelwood, Missouri.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. CREDIT CONTROL is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. CREDIT CONTROL operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant CREDIT CONTROL was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from

Defendant regarding a Bank of America, N.A. Visa credit card in a form substantially similar to attached Exhibits A and/or B and which included the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action, inclusive. The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.

      b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous

5

individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

16. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. Sometime prior to July 8, 2020, Plaintiff allegedly incurred two separate debts to Bank of America, N.A. ("B of A") related to Visa credit card accounts ending with account numbers 5320 and 5950 ("the Debts").

18. The Debts arose out of transactions in which money, property, insurance or services, which are the subject of the transactions, are primarily for personal, family or

household purposes.

19. Each of the Debts is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. B of A is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. Based upon information and belief, sometime prior to July 8 2019, B of A either directly or through intermediate transactions assigned, placed, sold or transferred the Debts to CREDIT CONTROL for purposes of collection.

22. At the time the Debts were assigned, placed, and or or transferred to Defendant CREDIT CONTROL for collection, the Debts were in default.

23. Defendant caused to be delivered to Plaintiff two letters, each dated July 8, 2019, concerning the Debts which sought to collect amounts owed of $12,914.96 and $21,973.15, respectively. Attached as **Exhibit A** is a copy of both of the July 8, 2019 collection letters.

24. The July 8, 2019 collection letters were Defendant's initial communication to Plaintiff with respect to each of the Debts.

25. The July 8, 2019 collection letters were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. The July 8, 2019 collection letters were each a "communication" as defined by 15 U.S.C. § 1692a(2).

27. In response to receiving the July 8, 2019 collection letters, on or about July 20, 2019, Plaintiff sent debt validation letters to Defendant seeking validation of each of the Debts.

28. On or about September 9, 2019, Defendant sent to Plaintiff letters purporting to validate each of the Debts.

29. On November 5, 2019, Defendant sent two more collections, virtually identical to the July 8, 2019 collection letters, seeking to collect the Debts.

30. The July 8, 2019 and November 5, 2019 collection letters were sent to Plaintiff at her home address in New Jersey.

31. Just like the July 8, 2019 letters, the November 5, 2019 collection letters also included the debt validation notice set forth in section 1692g(a) of the FDCPA.

32. The July 8, 2019 and November 5, 2019 collection letters each contained the following language:

> Please be advised that the account listed about has been referred to us by the above creditor in the amount of [xxxxx.xx] representing the balance due for services rendered and accepted.

33. This language in each of the July 8, 2019 and November 5, 2019 collection letters was false, deceptive and misleading since the language in the letters indicated that the balance due amount was only for "services rendered and accepted"

34. However, in fact, the "Amount Due" on each of the collection letters was not just for services, but was also for goods, which was a substantial portion of the Amount Due..

35. Thus, the least sophisticated consumer would be lead to believe that in addition to the amount due in the collection letters for services, he or she would also owe a separate amount for goods that were purchased on each of the accounts.

36. Additionally, the least sophisticated consumer would also believe that he or she spent more for services than was actually spent for such services, since the Amount Due included in the collection letters was for both goods and services, rather than just for services.

37. Furthermore, the November 5, 2019 collection letters were deceptive and misleading, since they each also contained the 1692g(a) notice that was previously contained in each of the July 8, 2019 collection letters.

38. Given that Plaintiff had already sought validation of the debt in July of 2019, the November 5, 2019 collection letters informing Plaintiff of her rights under section 1692g(a) were confusing since Defendant had already validated the Debts.

39. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

40. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

41. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

42. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

44. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

47. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

48. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

49. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

50. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

**POLICIES AND PRACTICES COMPLAINED OF**

51. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b) By making false representations of the character or legal status of a debt; and

  (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

52. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

53. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

54. Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56. By sending a collection letter, the same as or substantially similar to the July 8, 2019 and November 5, 2019 collection letters, Defendant violated:

 A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

 B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

H. 15 U.S.C. §1692g(a) by failing to give a written notice including the required information; and, failing to clearly identify where disputes should be sent.

I. 15 U.S.C. §1692g(b) by overshadowing the debt verification rights.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Rutherford, New Jersey
       July 8, 2020

                                      Respectfully submitted,

                                      By: s/ Lawrence C. Hersh
                                           Lawrence C. Hersh, Esq.
                                           17 Sylvan Street, Suite 102B
                                           Rutherford, NJ 07070
                                           (201) 507-6300
                                           *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 8, 2020                      By: s/ Lawrence C. Hersh
                                                Lawrence C. Hersh, Esq

EXHIBIT A

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED



DANIELLE D KIO

CREDIT CONTROL, LLC
PO BOX 546
HAZELWOOD MO 63042-0546

07/08/19

To make a payment online, please visit our website at
www.credit-control.com.

| Reference # : | Account # : | Amount Due: |
|---|---|---|
| 847 | ###########5320 | $ 12,914.96 |
| Creditor: Bank of America, N.A. | | |

✂  Detach Upper Portion And Return With Payment  ✂

### *** IMPORTANT COLLECTION NOTICE ***

REFERENCE # : PRS14739847

RE : Your account with our client
   **Bank of America, N.A.**

**AMOUNT DUE : $ 12,914.96**

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

Dear DANIELLE D KIO,

Please be advised that the account listed above has been referred to us by the above creditor in the amount of $ 12914.96 representing the balance due for services rendered and accepted.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

*Stacey Benton*
Stacey Benton
Collection Manager

To make a payment online, please visit our website at www.credit-control.com.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

DANIELLE D KIO

CREDIT CONTROL, LLC
PO BOX 546
HAZELWOOD MO 63042-0546

07/08/19

To make a payment online, please visit our website at www.credit-control.com.

| Reference # : | Account # : | Amount Due: |
|---|---|---|
| 150 | ############5950 | $ 21,973.15 |
| Creditor: Bank of America, N.A. | | |

✂ Detach Upper Portion And Return With Payment ✂

### *** IMPORTANT COLLECTION NOTICE ***

REFERENCE # : PRS14736150

RE : Your account with our client
**Bank of America, N.A.**

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

**AMOUNT DUE : $ 21,973.15**

Dear DANIELLE D KIO,

Please be advised that the account listed above has been referred to us by the above creditor in the amount of $ 21973.15 representing the balance due for services rendered and accepted.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

*Stacey Benton*
Stacey Benton
Collection Manager

To make a payment online, please visit our website at www.credit-control.com.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

EXHIBIT B

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED

DANIELLE D KIO

CREDIT CONTROL, LLC
PO BOX 546
HAZELWOOD MO 63042-0546

11/05/19

To make a payment online, please visit our website at
www.credit-control.com.

| Reference # : 847 | Account # : ###########5320 | Amount Due: $ 12,914.96 |
|---|---|---|
| Creditor: Bank of America, N.A. | | |

✂ Detach Upper Portion And Return With Payment ✂

*** IMPORTANT COLLECTION NOTICE ***

REFERENCE # :  PRS14739847

RE : Your account with our client
**Bank of America, N.A.**

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

AMOUNT DUE : $ 12,914.96

Dear DANIELLE D KIO,

Please be advised that the account listed above has been referred to us by the above creditor in the amount of $ 12914.96 representing the balance due for services rendered and accepted.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

*Stacey Benton*
Stacey Benton
Collection Manager

To make a payment online, please visit our website at  www.credit-control.com.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

CREDIT CONTROL LLC
PO BOX 546
Hazelwood MO 63042
PHONE: (877) 980-1040

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED

DANIELLE D KIO

CREDIT CONTROL, LLC
PO BOX 546
HAZELWOOD MO 63042-0546

11/05/19

To make a payment online, please visit our website at
www.credit-control.com.

| Reference # : | Account # : | Amount Due: |
|---|---|---|
| 6150 | ###########5950 | $ 21,973.15 |
| Creditor: Bank of America, N.A. | | |

✂ Detach Upper Portion And Return With Payment ✂

*** IMPORTANT COLLECTION NOTICE ***

REFERENCE # : PRS14736150

RE : Your account with our client
**Bank of America, N.A.**

CREDIT CONTROL LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

**AMOUNT DUE : $ 21,973.15**

Dear DANIELLE D KIO,

Please be advised that the account listed above has been referred to us by the above creditor in the amount of $ 21973.15 representing the balance due for services rendered and accepted.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

*Stacey Benton*
Stacey Benton
Collection Manager

To make a payment online, please visit our website at www.credit-control.com.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION